IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY HOWARD,
*Individually and on behalf of all others similarly situated*,

        Plaintiffs,

v.                                                                       Case No. 10-2555-JTM

FERRELLGAS PARTNERS, L.P. *et al.*,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on defendant Ferrellgas Partners's Motion to Reconsider or Modify (Dkt. 48). On August 27, 2012, the court denied Ferrellgas's Motion to Compel Arbitration on the grounds that Ferrellgas had not provided sufficient evidence for the court to find that Howard was bound by the Master Agreement's arbitration clause. *See* Dkt. 45. The court's Order also directed the parties to take limited discovery and briefing on two issues, including the scope of the oral and Master Agreements, leaving open the possibility that the court might compel arbitration at a later date. *Id.*

In its Motion, Ferrellgas asks the court to modify the Order by replacing the word "denied" with "deferred," in order to avoid uncertainty about the timeliness of n appeal. Under the Federal Arbitration Act, Ferrellgas argues, the court's use of the word "denied" may implicate the appeals process. *See* 9 U.S.C. § 16(a). However, Ferrellgas explains, if the court's intention was to defer its ruling on the Motion to Compel

1

Arbitration, then the appeals process provided by the FAA would be premature at this time. Further, plaintiffs' Response states that they do not oppose or object to the Motion to Reconsider or Modify.

The court's denial of the Motion to Compel Arbitration was not improper. The standard allows the court to compel arbitration only if there are no genuine issues of material fact regarding the parties' agreement to arbitrate. *See Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1284 (10th Cir. 1997). The lack of evidence establishing the application of the Master Agreement's arbitration clause justified the court's denial of the Motion. However, Ferrellgas correctly points out that the practical effect of the court's Order has been to leave the matter open until after the parties have completed discovery and additional briefing. The court recognizes that modifying the Order will not delay proceedings and that the plaintiffs do not object to the requested modification. Thus, the court grants the Motion.

IT IS THEREFORE ORDERED this 7th day of December, 2012, that Ferrellgas's Motion (Dkt. 48) is granted. The court's Order of August 27, 2012 (Dkt. 45) shall be considered to have ruled that the Motion to Compel Arbitration (Dkt. 37) is "deferred" rather than "denied."

IT IS ALSO ORDERED that the Clerk of the District Court shall reopen Ferrellgas's Motion to Compel Arbitration (Dkt. 37).

IT IS ALSO ORDERED that the Clerk of the District Court shall link the memoranda filed under Docket 60 and Docket 61 to Ferrellgas's Motion to Compel Arbitration (Dkt. 37).

        s/J. Thomas Marten
        J. THOMAS MARTEN, JUDGE