IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDY HOWARD, Individually and on Behalf
of All Others Similarly Situated,

    Plaintiff,

v.                                                                        Case No. 2:10-CV-2555-JTM

FERRELLGAS PARTNERS, L.P.;
FERRELLGAS, L.P.; FERRELLGAS, INC.;
and DOES 1 through 25,

    Defendants.

**ORDER**

    Plaintiff Randy Howard, on behalf of himself and all others similarly situated, seeks damages against defendants Ferrellgas Partners, L.P., Ferrellgas, L.P., and Ferrellgas, Inc. (collectively "defendants") for allegedly engaging in unfair, unconscionable, deceptive, misleading, and unlawful conduct in connection with the marketing and sale of propane and related equipment and services. This matter is before the court on plaintiff's Motion to Compel Depositions and Production of Documents (Dkt. 104). On October 28, 2014, the court conducted a hearing, via phone, on the matter. This order serves to memorialize the court's orders issued as a result of the hearing. To the extent outlined below, plaintiff's motion is granted.

    Presently at issue in this case is whether the parties are bound by an arbitration agreement and are therefore required to arbitrate, not litigate, the above-listed claims. On February 15, 2013, following a period of limited discovery, this court denied defendants' motion to compel arbitration (Dkt. 65). On April 8, 2014, the Tenth Circuit vacated the judgment of this court and

1

remanded the case for further proceedings, specifically directing this court to conduct a summary trial, as required by the Federal Arbitration Act ("FAA"), to determine whether the parties are bound to arbitration.  *See Howard v. Ferrellgas, et. al.*, 748 F.3d 975 (10th Cir. 2014).  In accordance with the Tenth Circuit's order, trial in this matter was initially set for June 10, 2014.  On May 20, 2014, the parties consented to a continuance, rescheduling the matter for September 16, 2014.  On August 25, 2014, the matter was rescheduled for November 12-13, 2014.

In anticipation of trial, the parties exchanged pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) (Dkts. 98, 99, 107).  In response to defendants' disclosures, which identified Brian Mater ("Mater") and Ray Galan ("Galan") as witnesses, plaintiff filed Notices of Depositions for Mater and Galan and a Request for Production of Documents for any materials associated with this testimony not already produced (Dkts. 101, 102).  Defendants declined to produce Mater and Galan for deposition.  Therefore, on October 21, 2014, plaintiff filed a Motion to Compel Deposition and Production of Documents so as to prevent surprise at the summary trial (Dkt. 104).  In his motion, plaintiff asks that the court order: (1) the depositions of Mater and Galan, and (2) that defendants produce any documents relevant to the witnesses' testimony that have not already been produced.  Defendants oppose the motion, arguing that: (1) discovery has long since closed in this matter, and (2) additional depositions and requests for production are contrary to the FAA and the Tenth Circuit's remand order (Dkt. 110).

There can be no doubt that all parties are anxious to get to the summary trial so that it may be decided, once and for all, whether this matter should continue in litigation or is more appropriately confined to arbitration.  This sense of urgency, however, cannot and should not overshadow proper procedure and plaintiff's right to be free from surprise at the summary trial.  Based upon the parties' arguments and assurances, the court is satisfied that the depositions of

Mater and Galan, as well as any corresponding production of documents, will not, in any way, hinder or stall the summary trial, nor are they inconsistent with the provisions of the FAA or the Tenth Circuit's directive.

That being said, the court will not allow these depositions and production of documents to proceed in a haphazard or random manner. Therefore, the court grants plaintiff's motion to the extent outlined below:

1. Defendants are ordered to produce any and all documents not previously produced that relate to the testimony of Mater and Galan. Defendants shall produce these documents, if any, no later than **5:00pm Central Daylight Time on October 31, 2014**.

2. Defendants shall make Mater and Galan available for deposition. Each deposition shall last **no longer than three (3) hours** and shall be taken **no later than November 6, 2014**. Clearly, for the benefit of both parties, the earlier these depositions are taken, the better. The parties shall make all efforts to accommodate the deponents by scheduling the depositions via telephone, video, etc.

**IT IS THEREFORE ORDERED** this 29th day of October, 2014, that plaintiff's Motion to Compel Depositions and Production of Documents is hereby granted to the extent outlined above.

s/J. Thomas Marten  
J. THOMAS MARTEN,  
CHIEF JUDGE